IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-25 |
| | ) | |
| DAVID MINER, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 11, 2011, for an arraignment on the Superseding Indictment [Doc. 30], and a hearing on the Defendant's Motion to Continue [Doc. 32], filed on October 11, 2011. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Kim A. Tollison represented the Defendant, who participated by telephone.[1]

In his motion to continue, the Defendant asks the Court to continue the November 8, 2011 trial in this case because the Superseding Indictment was not issued until September 20, 2011, and because the arraignment on the Superseding Indictment did not occur until October 11,

---

[1]Participating by telephone, the Defendant stated that he had received a copy of and understood the changes to the Superceding Indictment. Pursuant to Rule 10(b) of the Federal Rules of Criminal Procedure, the Court instructed counsel for the Defendant to provide "a written waiver signed by both the defendant and defense counsel," to the Court, wherein the Defendant states that he "has waived appearance and has affirmed that the defendant received a copy of the indictment . . . and that the plea is not guilty." See Fed. R. Crim. P. 10(b)(2).

1

2011. Accordingly, counsel for the Defendant asserts that he requires until October 31, 2011 to file additional pretrial motions related to the Superseding Indictment. At the hearing, both defense counsel and the Defendant stated that the Defendant understands the speedy trial implications and that he agrees to waive his speedy trial rights with regard to this extension. The Government had no objection to the requested continuance. The parties agreed to a new trial date of February 28, 2012.

The Court finds the motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant initially appeared for arraignment before this Court in this case on April 27, 2011. As stated in the Defendant's motion, he was not arraigned on the Superseding Indictment until October 11, 2011, and he intends to file and litigate pretrial motions related to the new indictment. Accordingly, the Court has scheduled a motion hearing for November 16, 2011, at 9:30 a.m., to hear argument on any motions filed with regard to the Superseding Indictment in this case. Following this hearing, the Court will need time, not to exceed thirty days, to file a report and recommendation. 18 U.S.C. §3161(h)(1)(H). Upon the filing of the report, the parties will need time to file any objections, and the District Court will need time to rule upon the motions in light of the report and any objections. The Court finds that all of this cannot take place before the November 8, 2011 trial date or in less than four and one half months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for the Defendant of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue **[Doc. 32]** is **GRANTED**. The trial

of this matter is reset to **February 28, 2012**.  The Court also finds that all the time between the filing of the Motion to Continue on **October 11, 2011**, and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  A new motion-filing deadline for motions related to the Superseding Indictment is set for **October 31, 2011**, with responses due on or before **November 14, 2011**.  A motion hearing on any motions filed by that deadline is set for **November 16, 2011, at 9:30 a.m.**  As a new plea agreement cut-off in this case was not set at the hearing, the Court sets a plea agreement cut-off deadline for **February 7, 2012** at this time.  Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **February 13, 2012**.  Special requests for jury instructions shall be submitted to the District Court no later than **February 17, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

>Accordingly, it is **ORDERED**:
>
>(1) The Defendant's Motion to Continue **[Doc. 32]** is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **February 28, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;
>
>(3) All time between the filing of the Motion to Continue on **October 11, 2011**, and the new trial date of **February 28, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
>(4) The motion-filing deadline for motions related to the Superseding Indictment is set for **October 31, 2011**, with responses due on or before **November 14, 2011**;
>
>(5) A hearing on any motions related to the Superseding Indictment filed by October 31, 2011 is set for **November 16, 2011, at 9:30 a.m.**
>
>(5) The plea cut-off deadline in this case is **February 7, 2012**;

3

(6) Motions *in limine* must be filed no later than **February 13, 2012**; and

(7) Special requests for jury instructions with the appropriate citations to authority shall be submitted to the District Court no later than **February 17, 2012**.

**IT IS SO ORDERED.**

                      ENTER:

                            s/ C. Clifford Shirley, Jr.
                          United States Magistrate Judge